UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
                                    )
     v.                             )
                                    )   Cr. No. 17-068 WES
                                    )
RICHARD F. WOODHEAD                 )
                                    )
          Defendant.                )
_____)

### MEMORANDUM AND ORDER

Before the Court is Magistrate Judge Patricia A. Sullivan's Report and Recommendations ("R. & R."), ECF No. 96, recommending that Richard F. Woodhead's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 82, be denied. Woodhead timely filed objections. For the reasons that follow, the objections are overruled (with one inconsequential exception), and the Court accepts and adopts Magistrate Judge Sullivan's recommendations. The Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

I.   Background

Woodhead pleaded guilty to attempted receipt of child pornography on August 18, 2017, and this Court entered judgment on December 15, 2017. See ECF No. 44. When the deadline to appeal passed on December 29, 2017, his conviction became final. See Fed. R. App. P. 4(b)(1)(A); United States v. Gonzalez, 592 F.3d

675, 679 (5th Cir. 2009).  His subsequent pro se appeal was dismissed as untimely.  J. of First Circuit, ECF No. 61.

Just shy of a year later, he filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 ("Original § 2255 Motion"), ECF No. 64.  On June 18, 2019, almost a year and a half after his conviction was finalized, Woodhead filed a Motion for Leave to Amend his Original § 2255 Motion, ECF No. 80, which was allowed.  See July 26, 2019 Text Order.  His Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Amended § 2255 Motion"), added the argument that his trial counsel provided ineffective assistance of counsel by failing to advise him of his right to a direct appeal and by failing to file such an appeal.  See Am. § 2255 Mot. 7, 9, 24-25, ECF No. 82. Following extensive briefing, Magistrate Judge Sullivan issued the R. & R. on March 3, 2020.  Amid a chaotic series of filings, Woodhead submitted two sets of objections, one through counsel ("Counsel Objection"), ECF No. 98, and one pro se ("Pro Se Objection"), ECF No. 106.  The Court now addresses those objections.

II.  Discussion

    A.  Ineffective Assistance in Failing to File Appeal or Consult Regarding Appeal

The meatiest contention in the Amended § 2255 Motion, and the focus of both sets of objections, is that Woodhead's trial counsel

provided ineffective assistance of counsel by failing to sufficiently consult regarding an appeal and/or by failing to file a direct appeal despite Woodhead's expressed desire to do so. <u>See</u> Am. § 2255 Mot. 24-25; Counsel Obj. 1-3; Pro Se Obj. 3; <u>see also</u> <u>Garza v. Idaho</u>, 139 S. Ct. 738, 744 (2019) ("[P]rejudice is presumed 'when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken[,]' . . . even when the defendant has signed an appeal waiver.") (citation omitted). Magistrate Judge Sullivan determined, and the Court agrees, that this argument is time-barred. <u>See</u> R. & R. 17.

Absent circumstances not present here, a motion to vacate a federal sentence under § 2255 must be filed within one year of the date on which the conviction became final. <u>See</u> 28 U.S.C. § 2255(f). Where, as here, a § 2255 motion is timely filed but subsequently amended after the deadline, each claim in the amended motion must relate back to the claims in the original motion. <u>See</u> <u>Capozzi v. United States</u>, 768 F.3d 32, 33 (1st Cir. 2014).

A claim relates back to the original motion if it arises "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." <u>United States v.</u> <u>Ciampi</u>, 419 F.3d 20, 23 (1st Cir. 2005) (emphasis omitted) (quoting Fed. R. Civ. P. 15(c)(2)). "The relation back provision in habeas petitions is strictly construed." <u>Turner v. United States</u>, 699

F.3d 578, 585 (1st Cir. 2012) (citation omitted).  Thus, "amended habeas corpus claims generally must arise from the same core facts, and not depend upon events which are separate both in time and type from the events upon which the original claims depended." Id. (citations and quotations omitted).

As explained by Magistrate Judge Sullivan, see R. & R. 15-17 & n.5, the seven claims in the Original § 2255 Motion focused on purported deficiencies in the Government's evidence against Woodhead.  See Original § 2255 Mot. 4-7 (arguing lack of federal jurisdiction); id. at 7-12 (insufficient evidence of certain elements of crimes, including crimes to which he did not plead guilty); id. at 12-15 (entrapment); id. at 16-17 (Woodhead's termination of relationship with undercover officer supported innocence); id. at 17-19 (prosecutor failed to turn over exculpatory evidence); id. at 19-24 (Woodhead's behavior was caused by sex and drug addictions, not pedophilia); id. at 24-26 (additional sufficiency arguments).  Based on these contentions, Woodhead requested that this Court "agree that had [Woodhead's] counsel acted in an effective capacity, the Court would have been admonished to the following additional constitutional and jurisdictional defects of Petitioner's case."   Id. at 4.  The thrust of the Original § 2255 Motion was that trial counsel's performance leading up to the plea was constitutionally deficient. Trial counsel's post-plea behavior was mentioned only in offhand

4

comments not "core" to the claims.  Thus, the failure-to-file and failure-to-consult claims do not relate back to the initial filing.

Woodhead makes two attempts to convince the Court otherwise. First, he confusingly asserts that "[t]his is not a 'relation back' case[,]" Counsel Obj. 2, ignoring the fact that a claim in an amended § 2255 motion filed after the deadline must _always_ relate back to the previously filed motion.  See Capozzi, 768 F.3d at 33 ("[T]he period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis."); Fed. R. Civ. P. 15(c).

Second, Woodhead argues that, because the failures to consult and/or file were tangentially mentioned in the original filing, the amended claims "arose out of the conduct, transaction, or occurrence set out - or attempted to be set out – in the original pleading[.]"  Fed. R. Civ. P. 15(c)(1)(B); _see_ Counsel Obj. 2-3; Pro Se Obj. 5-6.  The sole passages that arguably pertain to a failure to file an appeal or adequately consult regarding an appeal, contained with the introductory and concluding sections, are reproduced here:

> It became more and more evident to Petitioner after his remand and through his own research using LEXIS-NEXIS that although his attorneys represented to him that he had no appeal rights pursuant to the waiver in the plea agreement, that he actually could appeal and wished to do so.

Original § 2255 Mot. 3-4.

> [Woodhead] does not deny the fact that his original appeal attempts were not perfectly timely, but . . . had

> [trial counsel] performed to minimum expectations, [Woodhead] would have been made aware of the restrictive time constraints and filed his [notice of appeal] immediat[e]ly.

Id. at 26-27.

These cherry-picked, marginally relevant statements cannot carry the day.  To satisfy the relation back principle, the basis for the amended claims groups of factual assertions cannot be "separate both in time and type . . . ." Turner, 699 F.3d at 585; see also Ciampi, 419 F.3d at 24 ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." (citation omitted)).  Here, the Original § 2255 Motion centered on asserted evidentiary deficiencies and investigatory shortcomings of the government agents.  These factual allegations concerned events that occurred prior to Woodhead's arrest and, to a lesser extent, between the time of the arrest and Woodhead's guilty plea.  Conversely, the Amended § 2255 Motion's failure-to-consult and failure-to-file claims are based on events that allegedly occurred after the plea of guilty.[1]  Thus, Woodhead's objection falls short, and the claims are time-barred.

---

[1] Specifically, the Amended § 2255 Motion alleges that trial counsel and Woodhead spoke after sentencing; Woodhead requested that counsel file a notice of appeal; and counsel refused,

B.    Sufficiency of Evidence of Attempt

In his Amended § 2255 Motion, Woodhead argues that his trial counsel provided ineffective assistance by failing to advise him that the Government had insufficient evidence to prove that he took a substantial step towards receiving child pornography, an element of the crime to which he pleaded guilty.  Am. § 2255 Mot. 14-20.  Magistrate Judge Sullivan analyzed some of the evidence that could have been offered at trial and determined that the potential evidence was strong.  See R. & R. 19-20.  Woodhead objects to this determination, arguing that the proffered evidence did not contain a request for images of sexually explicit conduct, as required by 18 U.S.C. §§ 2252(a)(2) and (b)(1).  See Counsel Obj. 4-5; Pro Se Obj. 8-12; see also 18 U.S.C. § 2256(2)(A) (defining "sexually explicit conduct" as "actual or simulated . . . sexual intercourse"; "bestiality"; "masturbation"; "sadistic or masochistic abuse"; or "lascivious exhibition of the anus, genitals, or pubic area of any person").

The Government proffered evidence that Woodhead posted an online advertisement titled "Perv on Your Daughter."  See Offense Conduct Mem. 1, ECF No. 73-1.  The advertisement stated: "Is your daughter hot? . . . Maybe you have a collection of pictures of her

---

erroneously stating that the waiver provisions in the plea agreement precluded an appeal.  See Am. § 2255 Mot. 24-25, ECF No. 82.

sexy outfits, or maybe even nudes you found when snooping on her phone. I want to . . . [m]aybe see some of those pictures you keep secret while we both get hard perving on her." Id. An undercover officer contacted Woodhead, who requested pictures of the undercover officer's fictitious eight-year-old daughter. See id. at 1-2. He later requested "sexier" pictures. Id. at 2. After engaging in explicit conversations regarding hypothetical sexual activities involving the eight-year-old, Woodhead asked for more pictures: "if you any naked that'd be great, but whatever you got I just want to get like really horny for her." Id. at 3. Clearly, trial counsel's recommendation that Woodhead plead guilty, thus avoiding the risk of a much longer sentence, "was within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)); see also Criminal Compl., ECF No. 3 (charging Woodhead with additional crimes carrying longer minimum sentences); Lafler v. Cooper, 566 U.S. 156, 160, 174 (2012) (holding counsel ineffective for advising against plea and thus exposing defendant to a longer sentence).

C.   A Single Erroneous Phrase

Woodhead next argues that the R. & R. mischaracterized his Reply. See Counsel Obj. 3-4. According to the R. & R., Woodhead represented that, were the Amended § 2255 Motion granted, he would "immediately move to withdraw his guilty plea to face whatever

8

charges the government might bring by indictment." R. & R. 9. In reality, his Reply indicated only that he <u>might</u> do so. <u>See</u> Def.'s Reply to Gov't Resp. to Am. § 2255 Mot. 1-2, ECF No. 95. Thus, the Court does not adopt this lone sentence from the R. & R. The recommendations in the R. & R. do not rely on this statement, though, so this quibble requires no further discussion.

    D.   Miscellaneous Objections

In his Pro Se Objection, Woodhead adds a few red herrings. First, he lobs attacks at his post-conviction appointed counsel, with no apparent aim. <u>See, e.g.,</u> Pro Se Obj. 3-4. He also criticizes the Clerk of Court for forwarding his pro se reply in support of his Amended § 2255 Motion to his appointed attorney instead of docketing it. <u>See</u> <u>id.</u> at 2. This was not error, though, as a represented party generally may not submit pro se filings. <u>See</u> <u>United States v. Washington</u>, 434 F.3d 7, 16 (1st Cir. 2006) ("A defendant has no right to hybrid representation." (citation omitted)). Furthermore, the document he attempted to submit is now before the Court, attached to his pro se objections. <u>See</u> Pro Se Obj. Ex. A.

Woodhead next posits that Magistrate Judge Sullivan erred by "relying on the un-sworn third party hearsay alleged conversation between the government and defense counsel . . . ." Pro Se Obj. 7. Indeed, the Government alleges that trial counsel disputed the factual basis for the failure-to-file and failure-to-consult

claims.    See  Resp.  to  Am.  § 2255  Mot.  5-6.    However,  trial counsel's  alleged  statements  were  not  referenced  or  relied  upon  by Magistrate   Judge   Sullivan,   who   disposed   of   these   claims procedurally.    See  R. & R. 11-17.    Thus,  there  is  no  basis  for objection.

Woodhead  also  takes  issue  with  the  transcripts  provided  by the  Government  of  the  phone  calls  between  him  and  the  undercover officer.    See  Pro  Se  Obj.  13-16.    He  highlights  minor inconsistencies  between  those  transcripts  and  his  own  assessment of  the  audio  recordings,  contending  that  these  discrepancies somehow  amount  to  a  Brady  violation.[2]    See  id.    This  argument  was not  made  in  the  Amended  § 2255  Motion  and  thus  is  not  properly before  the  Court.    See  Borden v. Sec. of Health and Human Services, 836 F.2d 4, 6 (1st Cir. 1987).

Finally,  Woodhead  asserts  that  the  Government  did  not  oppose – and therefore  conceded – his  claims  that  trial  counsel  provided ineffective  assistance  of  counsel  leading  up  to  the  guilty  plea. See  Pro  Se  Obj.  8;  Pro  Se  Obj.  Ex.  A.  1-2.    He  is  wrong.    The Government  thoroughly  refuted  these  claims  in  its  response  to  the Original  § 2255  Motion.    See  Gov't Resp. to Original § 2255 Mot.

_____

[2] For  example,  according  to  the  transcript,  Woodhead  said, "Maybe like her little body pic or something[,]" but, according to Woodhead, he actually said, "I totally understand.  Maybe just a body pic."  Pro Se Obj. 14.

5-10, ECF No. 73.  There was no need for the Government to repeat those arguments in its subsequent response to the Amended § 2255 Motion.

In sum, the miscellaneous pro se objections lack merit.

III. Conclusion

With the exception of the single sentence referenced in Section II(C), the Court ACCEPTS and ADOPTS Magistrate Judge Sullivan's Report and Recommendations, ECF No. 96, and the reasoning set forth therein, over Woodhead's objections.  See 28 U.S.C. § 636(b)(1).  Accordingly, the Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 82, is DENIED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Woodhead has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).  Moreover, the Court finds that jurists of reason would not "find it debatable whether [this Court] was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Woodhead is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

William E. Smith
District Judge
Date:  February 1, 2021